PARLIN vs. HAYNES.

If the tenant in a writ of entry, after action brought, purchase of a third per-person an outstanding title derived from the demandant himself, this can-not be pleaded in bar of the action. *Aliter*, if the title was purchased di-rectly from the demandant.

THIS was a writ of entry, commenced *July* 27, 1825, on the se-isin of the demandant. The tenant, as to a parcel of the land, plead-ed *nontenure* and a disclaimer, upon which there was no controversy. As to the residue, consisting of two parcels distinctly described by metes and bounds, he pleaded the general issue.

At the trial, before *Weston J.* the tenant proved a good title to one the parcels defended. As to the other, he gave in evidence a deed from the demandant, conveying it to *Edward R. Favor*, dated *April* 30, 1825; and he offered to shew a deed of conveyance from *Favor* to *Ward Witham*, and another from *Witham* to himself; but both were given since the commencement of this action; and on this account both the two latter deeds were rejected by the Judge. The jury returned a verdict for the tenant as to the first parcel defended; and for the demandant as to the other; and the questions whether the rejected deeds were admissible, and whether the defence was made out without them, were reserved for the consideration of the court.

*Allen*, for the tenant. The deed from the demandant to *Favor* having been read without objection, the title is shown to be out of him, and he cannot recover. The verdict should have been for the ten-ant as to both parcels of land, it being evident that the demandant was not seised of either.

But all the deeds were admissible, without being specially pleaded. The rule to exclude deeds showing that the title is not in the demand-ant, *unless they are pleaded*, is confined to titles under which the tenant does not claim. *Wolcott v. Knight* 6. *Mass.* 418. And the reason is, that the demandant may reply that nothing passed by the deed. If it were otherwise, the tenant might show the deed to defeat one demandant, and prove that nothing passed by it, to defeat another.

Parlin *v.* Haynes.

But that rule does not apply to this case, the tenant deducing his title from the demandant himself. The deeds constitute an estoppel, which may be given in evidence under the general issue. *Adams v. Barnes* 17. *Mass.* 365. They disprove the seisin of the demandant, and show the illegality and injustice of his claim ; and they constitute, in a real action, the same kind of defence that payment does, in actions personal ; which may always be shown under the general issue, without regard to the time when it was made. The effect of a different rule would be to multiply suits ; since the judgment in this case in favor of the demandant, would be the foundation of a new action for the tenant against him.

*McGaw,* for the demandant, relied on *Andrews v. Hooper* 13. *Mass.* 472, as decisive of the question.

MELLEN C. J. delivered the opinion of the Court.

This is a writ of entry, tried on the general issue. By the report it appears, that about three months prior to the commencement of the action, the demandant conveyed part of the demanded premises, for which he obtained a verdict, to one *Edward R. Favor ;* and that, since the commencement of the action, *Favor* conveyed the same to *Witham,* and *Witham* conveyed the same to the tenant. The deed to *Favor* was admitted in evidence without objection ; and the other two deeds, on objection by the counsel for the demandant, were excluded. The question reserved is, whether *Witham's* deed to the tenant was properly rejected ; and, if so, whether the defence of the action is good without that deed. It is evident, that as both the deeds rejected were objected to, and excluded on the same ground, the inadmissibility of either is as fatal to the defence of this action, as of both. For the sake of clearness we will consider the merits of the defence as founded merely on the deed from the demandant to *Favor.* If this conveyance had been pleaded in bar, inasmuch as nothing appears that would have prevented the operation of the deed, it would have defeated the action, although the tenant did not claim under it, according to the principles laid down

Parlin *v.* Haynes.

in *Wolcott v. Knight*, 6, *Mass.* 418. Or if the conveyance, instead of being to *Favor*, had been directly to the tenant, and had been pleaded in bar, as was done in the case of *Everenden v. Beaumont*, 7. *Mass.* 76, it would have been a substantial defence, even if such conveyance had been made after the commencement of the action. Or if the present action had been a writ of right, instead of a writ of entry, the demandant's conveyance, if operative, though made before the action to a stranger, might be given in evidence on the general issue, according to *Knox v. Kellock*, 14. *Mass.* 200; or if made after the action commenced, it might, if made to the tenant, constitute a good defence on the general issue, according to the principles recognized and established in *Poor & al. v. Robinson*, 10. *Mass.* 131. The case now under consideration is different from all these; but it is clear that on the general issue, the deed from the demandant was inadmissible; and its admission without any objection does not alter the case; because it has no tendency to disprove the allegation of the demandant's seisin within twenty years before the date of the writ; and proof of such a seisin is sufficient for the demandant, unless the tenant can show a title superior to the demandant's. Independent, therefore, of the two deeds which were offered and rejected, the defence is without foundation.

The remaining question is, whether those deeds were properly excluded. In *Andrews et ux. v. Hooper*, 13. *Mass.* 472, the court lay down the law distinctly, that the tenant cannot be permitted to set up a title under a deed made since the commencement of the action; and observe that a title, thus acquired, had been uniformly rejected in the courts of Massachusetts. They further rely on the case of *Le Bret v. Papillon*, 4. *East*, 502, in which Lord *Ellenborough* says, that since the case of *Evans v. Prosser*, 3. *D. & E.* 186, was decided, it had been "considered as a settled rule of pleading, that no matter of defence arising after action brought, can properly be pleaded in bar of the action generally." We admit that a conveyance of the demanded premises by the demandant directly to the tenant, is a fair exception from this general rule, and would constitute a good plea in bar; and it is very clear that a de-

Parlin *v.* Haynes.

fendant may show that a plaintiff has, by his own act, defeated his own action; as where the demandant in a real action enters into and takes possession of the demanded premises; or a feme sole plaintiff in a personal action intermarries; in both of these cases, the entry and marriage, pending the action, will, when properly pleaded, defeat it. In the case of *Andrews & al v. Hooper*, before cited, the court observe that, to sustain an after purchased title would operate unequally and unjustly, by enabling a tenant to fortify a defective title, and avoid the payment of costs, for which he might otherwise be liable; and which in the course of an expensive suit might even exceed the value of the land in litigation."

It has been urged that, as the title procured by the tenant since the action was commenced, is derived from the demandant himself, through *Favor* and *Witham*, this case is not within the range of the principles before stated; but no authority is produced in support of the supposed distinction; and as the demandant has done no act in relation to the demanded premises, since the commencement of the action, showing his intention to defeat it; we are not able to perceive any sound reason why a deed from *Favor*, executed in the commencement of the suit, should be entitled to admission in evidence, any more than a deed made, under such circumstances, by any other person, admitting him to be even the true *proprietor* of the land; and surely such a deed could not be received to constitute a defence. The law is clearly otherwise.

It is true that the tenant may in another action avail himself of the title he has procured since the institution of the present, and by means of it recover back the premises from the demandant; but that is no reason why he should not succeed in obtaining judgment in this case, and thus secure to himself those costs which he has been obliged to incur in his action against a man, who, when sued, had no title whatever to the land demanded. We are all of opinion that there must be *Judgment on the verdict.*